**Ngadimin MARTOREBO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–75108.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 25, 2010.

Houman Varzandeh, Esq., VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

---

suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In reaching this conclusion, the agency did not apply the disfavored group analysis.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Ngadimin Martorebo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and for abuse of discretion the denial of a motion to remand, *Romero–Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the BIA's denial of withholding of removal because Martorebo failed to demonstrate it is more likely than not that he or his children will be persecuted because his children are citizens of the United States. *See Nagoulko*, 333 F.3d at 1018 (fear of future harm is too speculative).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The agency was within its discretion in denying Martorebo's motion to remand because the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant remand. *See Romero–Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal citation and quotations omitted).

**PETITION FOR REVIEW DENIED.**